**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **JUAN FERNANDO SANCHEZ GOMEZ,** Petitioner, v. **MARKWAYNE MULLIN et al.,** Respondents. | ) ) ) ) ) ) ) ) | **NO. 5:26-cv-03322-KS** **MEMORANDUM OPINION AND ORDER** |

Before the Court is the Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") filed by Petitioner Juan Fernando Sanchez Gomez ("Petitioner") on June 16, 2026. (Dkt. No. 1.) For the following reasons, the Petition is **DENIED**.

## BACKGROUND

Petitioner is a native of Guatemala who was admitted to the United States on October 22, 2010 as a Lawful Permanent Resident ("LPR"). (Dkt. No. 1 ¶ 41.) On November 12, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner and placed him into immigration detention. (*Id.* ¶ 42.) Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner by serving him with a Notice to Appear ("NTA") that charged him as removable under Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) based upon a criminal conviction for possession of a controlled substance and § 237(a)(2)(A)(iii) based upon his conviction for assault with a deadly weapon under California Penal Code § 245(a)(1). (*Id.* ¶¶ 44-45.)

Following the initiation of removal proceedings, the Orange County Superior Court issued an order vacating Petitioner's controlled-substance conviction. (*Id.* ¶ 47.) The Orange County Superior Court determined that the conviction was legally invalid due to prejudicial error that impaired Petitioner's ability to meaningfully understand, defend against, or knowingly accept the immigration consequences of his plea. (*Id.*¶ 48.) As a result of the Orange County Superior Court's order, the controlled-substance conviction underlying DHS's INA § 237(a)(2)(B)(i) removability charge was no longer valid. (*Id.*)

As to the remaining removability charge based upon Petitioner's conviction for assault with a deadly weapon, controlling Ninth Circuit authority established that California Penal Code § 245(a)(1) is not categorically a crime of violence for purposes of the aggravated-felony definition in INA § 101(a)(43)(F). (*Id.* ¶¶ 49-50.) Thus, the legal basis for charging Petitioner as removable under INA § 237(a)(2)(A)(iii) likewise failed. (*Id.* ¶ 51.)

Petitioner subsequently filed a motion to terminate his removal proceedings, which an Immigration Judge ("IJ") granted. (*Id.* ¶ 52.) The IJ determined that DHS failed to establish removability under the charged grounds in the NTA. (*Id.*) DHS appealed the IJ's order terminating the removal proceedings to the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 53.) That appeal is currently pending before the BIA, and Petitioner remains detained. (*Id.* ¶ 54.)

On June 16, 2026, Petitioner filed the instant Petition, seeking his immediate release on the ground that his continued detention is unlawful because it is based upon the same criminal allegations that the IJ determined were legally insufficient to establish removability. (Dkt. No. 1.) On June 23, 2026, Respondents filed an Answer, asserting that they have authority to detain Petitioner and that Petitioner failed to exhaust his administrative remedies. (Dkt. No. 7.) On June 25, 2026, Petitioner filed a Reply, asserting that "Respondents' Answer does not meaningfully address the central issue presented by this habeas proceeding" —whether Petitioner's continued detention is lawful. (Dkt. No. 9 at 1.)

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). District courts may grant a writ of habeas corpus where a petitioner demonstrates they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to postremoval-period detention.").

## DISCUSSION

Petitioner avers that Respondents continue to detain him despite an IJ finding that DHS failed to establish removability under the charged grounds contained in the NTA and terminating Petitioner's removal proceedings. (Dkt. No. 1 ¶¶ 8, 10.) Petitioner therefore seeks his immediate release from custody on the grounds that his "continued detention violates the Due Process Clause of the Fifth Amendment, exceeds the lawful authority granted by the Immigration and Nationality Act, and constitutes unlawful executive detention subject to review under 28 U.S.C. § 2241." (*Id.* ¶ 13.)

Respondents contend that because "Petitioner's removal proceedings are ongoing during the pendency of the appeal" of the IJ's order terminating Petitioner's removal proceedings, "Respondents are thus broadly authorized to exercise its discretion to revoke

release under this authority pursuant to 8 CFR § 241.1(l)(1), and 8 CFR § 241.4(l)(2)." (Dkt. No. 7 at 2.) Additionally, Respondents assert that "Petitioner has received two bond hearings, both of which resulted in findings that he is a danger and a flight risk" and that "Petitioner failed to appeal either." (*Id.*) Therefore, "Petitioner's challenge in habeas to his detention is defective because he failed to exhaust administrative remedies." (*Id.* at 4.)

## I. <u>Statutory Detention Authority</u>

Petitioner argues that because "the legal predicates supporting detention have materially eroded," "Respondents' continued detention of Petitioner [] exceeds the lawful authority conferred by the Immigration and Nationality Act." (Dkt. No. 1 ¶¶ 136-137.)

### A. Legal Standard

"Two statutory sections govern the detention of noncitizens prior to a final order of removal: 8 U.S.C. §§ 1225 and 1226." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1111 (E.D. Cal. 2025). "While section 1225 'authorizes the Government to detain certain [noncitizens] seeking admission into the country,' section 1226 'authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings.'" *Id.* (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)).

"Both §1225(b)(1) and §1225(b)(2) authorize the detention of certain [noncitizens]." *Jennings*, 583 U.S. at 287. Noncitizens "covered by §1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process" unless they 'indicate[] either an intention to apply for asylum . . . or a fear of persecution'" and receive a referral for an asylum interview. *Id.* (quoting §1225(b)(1)(A)(i)-(ii)). "If an immigration officer determines after that interview that the [noncitizen] has a credible fear of persecution, 'the [noncitizen] shall be detained for further consideration of the application for asylum.'" *Id.*

at 287-88 (quoting §1225(b)(1)(B)(ii)). On the other hand, noncitizens who are covered by §1225(b)(2) "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* at 288 (quoting §1225(b)(2)(A)). "Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" *Id.* (quoting §1182(d)(5)(A)).

Section 1226 generally governs the process of arresting and detaining noncitizens pending their removal. *Id.* As relevant here, § 1226 distinguishes between two different categories of noncitizens. Section 1226(a) sets forth a general provision governing the arrest, detention, and release of noncitizens in the United States pending a removal decision, whereas Section 1226(c) articulates the specific process applicable to the detention of "criminal aliens" as defined by § 1226(c)(1). 8 U.S.C. §§ 1226(a), 1226(c).

Section 1226(a) confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022). Conversely, Section 1226(c) mandates that the Attorney General "shall take into custody" any noncitizen who is deportable or inadmissible based on a qualifying, enumerated offense and "may release" such a noncitizen "only if" the Attorney General decides that doing so is necessary for witness-protection purposes and that the noncitizen will not pose a danger or flight risk." 8 U.S.C. § 1226(c).

**B. Analysis**

"If a state court vacates a conviction on account of a procedural or substantive defect, that conviction is not a conviction for immigration purposes." *Bent v. Garland*, 115 F.4th 934, 940 (9th Cir. 2024) (internal quotations omitted). "By contrast, if a state court vacates a

conviction 'solely for rehabilitative reasons or reasons related to [the petitioner's] immigration status," that conviction remains valid for immigration purposes." *Id.* (quoting *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006)).

Here, the record shows that Petitioner's controlled-substance conviction was "vacated pursuant to California Penal Code section 1473.7(a)(1) because the conviction was legally invalid due to prejudicial error affecting Petitioner's ability to meaningfully understand, defend against, or knowingly accept the immigration consequences of the plea." (Dkt. No. 1 ¶ 5.) "[T]he Ninth Circuit has held that the provision of California law under which vacatur was entered addresses only those convictions infected by a 'substantive or procedural error that renders a conviction legally invalid.'" *Vrej S.G. v. Chestnut*, No. 1:26-cv-04428-MWJS, 2026 U.S. Dist. LEXIS 157194, at *20 (E.D. Cal. July 15, 2026) (quoting *Bent*, 115 F.4th at 940-41). Thus, the vacatur of Petitioner's controlled-substance conviction pursuant to California Penal Code § 1473.7(a)(1) rendered Petitioner's conviction invalid for immigration purposes.

As to the remaining removability charge based upon Petitioner's conviction for assault with a deadly weapon under California Penal Code § 245(a)(1), the Ninth Circuit recently concluded that "a conviction under California Penal Code § 245(a)(1) does not qualify as a crime of violence." *United States v. Gomez*, 165 F.4th 1199, 1209-10 (9th Cir. 2026) (en banc); *see also Vasquez-Calix v. Blanche*, No. 24-1364, 2026 U.S. App. LEXIS 12348, at *1-2 (9th Cir. Apr. 29, 2026) (granting habeas petition and vacating removal order where the petitioner's removability was based solely on his § 245(a)(1) conviction that was no longer an "aggravated felony" after *Gomez*). "As a result, here, petitioner's § 245(a)(1) conviction is not an 'aggravated felony' under 8 U.S.C. § 1227(a)(2)(A)(iii) . . . ." *Kandola v. Warden, Cal. City Det. Facility*, No. 1:26-cv-02714 DAD SCR, 2026 U.S. Dist. LEXIS 100434, at *5 n.3 (E.D. Cal. May 6, 2026).

\\

Because Petitioner's California Penal Code § 1473.7(a)(1) conviction was rendered invalid for immigration purposes and Petitioner's California Penal Code § 245(a)(1) conviction is not an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), Petitioner "has no qualifying conviction subjecting him to mandatory detention under § 1226(c)." *Vrej S.G.*, 2026 U.S. Dist. LEXIS 157194, at *19-21; *Kandola*, 2026 U.S. Dist. LEXIS 100434, at *5 n.3. Nor is Petitioner subject to mandatory detention under § 1225(b) because he is not an applicant for admission; rather, he was admitted to the United States as a Lawful Permanent Resident. Therefore, the Court must determine whether there is another provision that justifies Petitioner's continued detention.

Petitioner asserts that "[t]he filing of an administrative appeal does not itself establish removability" or "revive criminal grounds that have been vacated, invalidated, or otherwise rendered legally deficient." (Dkt. No. 1 ¶¶ 126-127.) "Respondents nevertheless continue to detain Petitioner based upon the same criminal allegations that formed the basis of the failed removal charges" and "have never identified any additional charge of removability that independently justifies Petitioner's continued detention." (*Id.* ¶ 128.) Respondents contend that because "Petitioner's removal proceedings are ongoing during the pendency of the appeal," "Respondents are thus broadly authorized to exercise its discretion to revoke release under this authority pursuant to 8 CFR § 241.1(l)(1), and 8 CFR § 241.4(l)(2)." (Dkt. No. 7 at 2.)

The Court finds that "DHS'[s] timely appeal of the IJ's termination leaves Petitioner's removal proceedings administratively pending." *Expinoza-Gallo v. Chestnut*, No. 1:26-cv-01429-JLT-HBK (HC), 2026 U.S. Dist. LEXIS 178198, at *7 (E.D. Cal. Aug. 10, 2026) (citing 8 C.F.R. § 1003.39). "The IJ's finding that Petitioner is not removable therefore did not, by itself, end DHS's authority to detain under § 1226(a)." *Id.* As Petitioner's ongoing removal proceedings subject him to discretionary detention under § 1226(a), the Court concludes that Petitioner is not entitled to habeas relief on his statutory claim.

## II. Due Process

"Having found that Petitioner is detained under § 1226(a), the Court next determines whether his detention violates due process." *T.P.S. v. Noem*, No. 2:26-cv-00249-GMN-BNW, 2026 U.S. Dist. LEXIS 34648, at *7 (D. Nev. Feb. 20, 2026).

### A. Legal Standard

The Fifth Amendment Due Process Clause provides that no person shall be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Due Process Clause applies to all 'persons' within the United States . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. Thus, nonpunitive government detention violates the Due Process Clause unless the detention is ordered "in certain special and narrow . . . circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id.* (citations omitted).

"In the context of civil immigration detention, the two 'regulatory goals' of the Immigration and Nationality Act provisions governing such detention—'ensuring the appearance of [noncitizens] at future immigration proceedings' and 'preventing danger to the community'—can provide such 'special justification.'" *Zapata v. Kaiser*, 801 F. Supp. 3d 919, 939 (N.D. Cal. 2025) (quoting *Zadvydas*, 533 U.S. at 690). "Although '[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings,' 'the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.'" *Id.* (quoting *Hernandez v. Sessions*, 872 F.3d 976, 990, 994 (2017)).

"[I]it is well-settled that 'due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Hernandez*, 872 F.3d at 990 (quoting *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)). When determining what procedures are required by due process, courts weigh the three factors outlined in *Mathews v. Elridge*, 424 U.S. 319, 335 (1976)—(1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the government's interest.

**B. Analysis**

Petitioner asserts that "[b]y continuing to detain Petitioner despite the elimination or failure of the charged grounds of removability, Respondents have deprived Petitioner of liberty through arbitrary governmental action." (Dkt. No. 1 ¶ 104.) Petitioner argues that "Respondents' actions therefore violate substantive due process because Petitioner's continued confinement is excessive, irrational, and no longer reasonably related to a legitimate governmental objective." (*Id.* ¶ 105.) Additionally, Petitioner avers that "Respondents' actions further violate procedural due process because Petitioner remains deprived of liberty without constitutionally adequate procedures sufficient to justify continued detention after the legal basis for removability materially changed." (*Id.* ¶ 106.)

Respondents contend that it is within their discretion to detain Petitioner while Petitioner's removal proceedings are pending. (Dkt. No. 7 at 2.) Respondents also assert that Petitioner has received adequate process because "Petitioner has received two bond hearings, both of which resulted in findings that he is a danger and a flight risk." (Dkt. No. 7 at 2.) Respondents include as exhibits the respective orders on these bond hearing decisions, the first dated April 15, 2026 (Dkt. No. 7-2) and the second dated May 20, 2026 (Dkt. No. 7-3). Respondents note that Petitioner did not appeal either of these orders denying bond. (Dkt. No. 7 at 2.)

***1. Procedural Due Process***

On balance, the *Mathews* factors do not show that Petitioner's detention is in violation of his right to procedural due process. As to the first *Mathews* factor, the Court finds Petitioner has a substantial liberty interest. *See Diaz*, 53 F.4th at 1207 (quoting *Singh*, 638 F.3d at 1208) ("We have also held, more generally, that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'"). Petitioner has been detained for a prolonged period of more than nine months. See *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011) (holding that detention becomes "prolonged" once it continues beyond six months). Moreover, Petitioner continues to be detained because of "DHS's appeal rather than his own litigation decisions." *Expinoza-Gallo*, 2026 U.S. Dist. LEXIS 178198, at *11.

As to the second *Mathews* factor, the Court finds "the risk of erroneous deprivation is limited." *Id.* at *12. As noted, § 1226(a) confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Diaz*, 53 F.4th at 1201. Here, Petitioner received two individualized bond hearings and chose not to exercise his right to appeal either of those adverse custody determinations. *See id.* at 1193 (finding the existing procedures under § 1226(a) "sufficiently protected [the petitioner's] liberty interest and mitigated the risk of erroneous deprivation"); *Expinoza-Gallo*, 2026 U.S. Dist. LEXIS 178198, at *11 (noting that "Petitioner received an individualized bond hearing and could have appealed the IJ's adverse custody determination"). Nor does the record show that Petitioner attempted to seek a bond hearing under 8 C.F.R. § 1003.19(e), which provides that a noncitizen may request a subsequent bond redetermination hearing "upon a showing that the [noncitizen's] circumstances have changed materially since the prior bond redetermination." *See Diaz*, 53 F.4th at 1209-10 (noting that the petitioner availed himself of his right to seek an additional custody determination based on allegedly changed circumstances after the vacatur of a conviction).

Finally, as to the third *Mathews* factor, the Court finds that "the government has a substantial interest in administering immigration laws, ensuring attendance at removal proceedings, and protecting the community from danger." *Expinoza-Gallo*, 2026 U.S. Dist. LEXIS 178198, at *13 (citing Diaz, 53 F.4th at 1208). While the Court "appreciates that . . . the government's interest is diminished to some extent because the IJ terminated proceedings and the government's appeal remains pending," the Court must nevertheless acknowledge that "detention remains related to the government's regulatory interests while the BIA reviews the termination order." *Id.* at *13-14.

### 2. *Substantive Due Process*

Petitioner has also failed to show that his "continued confinement is excessive, irrational, and no longer reasonably related to a legitimate governmental objective." (Dkt. No. 1 ¶ 105.) Indeed, Petitioner's removal proceedings are ongoing, and the government "may constitutionally detain [noncitizens] during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003).

Nor has Petitioner established that his detention is punitive. Petitioner has had two individualized bond hearings at which immigration judges denied bond based on a finding that Petitioner posed a danger to the community due to his lengthy criminal history. (*See* Dkt. Nos. 7-2, 7-3.) *See Leiva v. Becerra*, No. 23-cv-02027-CRB, 2023 U.S. Dist. LEXIS 92842, at *14 (N.D. Cal. May 26, 2023) ("[Petitioner's] argument that his detention has become punitive because he does not pose a risk of flight or a danger . . . might be correct. But that is what bond hearings are for."). Petitioner had the right to appeal those adverse custody determinations and chose not to do so. *Expinoza-Gallo*, 2026 U.S. Dist. LEXIS 178198, at *11. Therefore, the Court finds that Petitioner has not demonstrated that his detention is in violation of his right to substantive due process.

In sum, the Court concludes that Petitioner has not established that his current detention violates either procedural or substantive due process. Accordingly, Petitioner is not entitled to habeas relief on his due process claim.

## III. Suspension Clause

### A. Legal Standard

The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. "The Suspension Clause does not guarantee an alternative remedy outside of habeas corpus; it merely guarantees the availability of the writ of habeas corpus itself." *Perro v. Mullin*, No. 2:26-cv-00847-TL, 2026 U.S. Dist. LEXIS 80457, at *13 (W.D. Wash. Apr. 13, 2026) (internal quotation omitted).

### B. Analysis

Petitioner asserts that "[a]bsent review by this Court, Petitioner would be left without any meaningful mechanism to challenge the legality of his present confinement," and "[s]uch a result would raise serious constitutional concerns under the Suspension Clause and would be inconsistent with centuries of habeas jurisprudence." (Dkt. No. 1 ¶ 158.) However, "Petitioner has not been precluded from bringing this habeas petition and asserting constitutional and statutory challenges to his detention, nor has this Court been precluded from reviewing and ruling on it." *Fleurimond v. Noem*, No. CV-26-00037-PHX-MTL (CDB), 2026 U.S. Dist. LEXIS 37262, at *4-6 (D. Ariz. Feb. 24, 2026); *see also Demore*, 538 U.S. at 517 ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar [Petitioner's] constitutional challenge to the legislation authorizing his detention without bail."). Thus, Petitioner is not entitled to relief on his Suspension Clause claim.

**ORDER**

For the foregoing reasons, the Petition is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. Judgment will be entered accordingly.

DATED: August 17, 2026

Karen L. Stevenson

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE